The next case for argument is 14-5149, Bay County, Florida v. United States. Is it Ms. Torres? Whenever you're ready. Thank you, Your Honor. I'm going to plead the court. The trial court's decision should be reversed because its opinion reflects four legal errors. First, the trial court erred because its interpretation of non-independent regulatory body failed to take into account the plain meaning of the term non-independent. Second, the trial court erred because its interpretation of non-independent regulatory body failed to consider the clause e.g. municipal utility, thereby rendering that clause superfluous. Third, the trial court erred in concluding that the relevant relationship reflected in the definition of non-independent regulatory body was the relationship between Bay County and the state of Florida. Finally, the trial court erred in interpreting the agency clause of independent regulatory body because its interpretation rendered that clause acontextual and relied on Florida law. Beginning with the first error related to... Why don't you start with the last one? Why don't you tell me why this is not an independent regulatory body? Yes, Your Honor. The trial court relied upon the agency clause and that clause reflects or indicates, quote, agency with less than statewide jurisdiction when it operated pursuant to state authorization. The reason why the trial court erred is actually multifold. First of all, Bay County does not fall within that definition of independent regulatory body because it squarely falls into the definition of a non-independent regulatory body. Okay, well, I'm not certain that that makes sense at all to me, but why isn't it an agency with less than statewide jurisdiction operating pursuant to state authority? It's definitely operating pursuant to Florida authority, for sure. That part you're not arguing. Well, Your Honor, first of all, am I wrong? Is Bay County operating pursuant to Florida granting them authority? Well, the county, but not the regulator. The regulator here is the Bay County Board of County Commissioners. No, Your Honor, your whole case is pitched on Bay County. But this says state... I'm sorry, let's please continue with the definition. These are your regs. And this reg says operating pursuant to state authority. It doesn't say operating pursuant to a utility, a municipality, a regulator. It doesn't say any of that. It says operating pursuant to state authority. Is Bay County operating pursuant to Florida authority? Well, Bay County isn't the regulator here. The board is the regulator. You're not answering the question. I'm sorry. Judge Moore is asking you to read the language of the independent regulatory regulation and simply to answer her questions yes or no. Yes, Your Honor, I understand. Is it an agency with less than statewide jurisdiction? The county. Yes. But the county... I'm sorry. The county has less than statewide jurisdiction. Well, the county... Can you just answer the question yes or no? Well, that... Are you not capable of answering that? Well, I mean, the county may fall into that. May. May. But we're talking... Is the county, is it an agency with less... Does it have statewide jurisdiction? Your Honor... The county. The county, but not the regulating entity. I'm just asking you the county. Yes, yes, Your Honor. Yes, Your Honor. I'm sorry. Your Honor, you pitched your case on the county. You did not pitch your case on the Bay County Utility Regulatory Authority. No, we pitched our case on the board. We rely on the regulating entity. On the board of the county, all right? The board is the regulating entity. I mean, the Bay County is the local government. Is the board an agency with less than statewide jurisdiction? The board is not an agency with less than statewide jurisdiction. The board is a creature of local government, Your Honor. And if I may point you to the record that indicates that the board created the regulatory entity or established, I mean, the county established the Bay County Board as a regulator of these utilities. Here's one of my problems. My problem is that your argument has morphed considerably in this appeal. Even in your red brief, throughout the entire red brief, you keep talking about Bay County. Let me read you all of your headings from the table of contents. Not once do you say Bay County Board. In every instance, you say Bay County. Bay County does not meet the definition of a non-independent regulatory body. Bay County meets the regulatory definition of an independent regulatory body. These are the headings that you chose to use throughout your brief. You do not, at any point in this brief, make it clear to us, although I understand your argument has now sort of morphed into that, that, oh, no, everybody, you're looking at the wrong entity. The only relevant entity that is the one that regulates is the board. It is not, in fact, the county. Throughout this entire brief, you say Bay County. Bay County, Bay County. Your Honor, we do refer to the board as the regulating entity. I mean, our argument, particularly in our background section and when we explicate our argument, the regulating entity is the board. I mean, Bay County doesn't dispute that. The five members of the county commission, which comprises the Bay County Board of County Commissioners, are the five individuals. Those five individuals are the same five individuals that act in a regulating capacity. My bad. I read from the red brief. I should have read from yours. I'm sorry. You should have stopped me. You're used to being in the red brief. You're not familiar with the blue brief status. So let me go to your table of contents instead. Bay County is a non-independent regulatory body. Bay County does not satisfy the definition of an independent regulatory body. Bay County constitutes an independent regulatory body. Just Bay County, Bay County, Bay County, Bay County. But, Your Honor, I mean, that's the issue here. Is Bay County, which is comprised of both the legislative arm, which also sits as a regulating arm, and utilities independent one from the other? Based on a plain reading of these definitions, Bay County is non-independent. And the reason is clear. The five individuals that make up the county board, and, of course, we discussed the background, in our background section in our opening brief, we explicate what the Bay County Board of County Commissioners does in its regulating capacity and what it does as a legislative arm, and those two things are one and the same. So we have here a situation where what you're stuck with is a definitional problem. Your first argument is morphing through the entire thing, i.e., independent means independent, and we know that Bay County Regulatory Board and the county, they aren't independent because they're all the same. But your regulation starts off and says non-independent regulatory body means. Means means there's an equal sign, an equation. So what the lower court read, and the way I'm reading this regulation, is to say whoever wrote this regulation maybe should be taken out and have their mouth washed out or whatever you do to people that write bad regulations. But the regulation are regulations that don't mean what you wanted them to say. Non-independent means. So non-independent is a body. So imagine a regulation that says black means white for purposes of this case. Black means white. Now, it comes up to me and the government says, no, no, no, black doesn't mean white, black means black. And I say, well, excuse me, the regulation says black means white, and I'm going to enforce the regulation for its plain meaning. So your answer to your first argument of the meaning of independent seems to me that whoever wrote the regulation didn't hear you talking. What's your response to the argument that non-independent regulatory body means, that non-independence is defined by what follows after the word means in the regulation? Well, first of all, yes, Your Honor, I'd like to respond to your question. First of all, the definition includes a textbook example of a non-regulated utility in that EG clause. And that may well be true. But this particular regulatory scheme with the county the way it was set up, the county having been created by the county and the board having been created by the state, right? The county was created by the state for it, yes. But going on, you know, in addition... Who is the board created by? Well, the record... The Florida Constitution isn't the board also created by the state? Well, I... The Florida Constitution says so. Not in its regulatory capacity, Your Honor. And again, I didn't ask you if a particular regulatory capacity was created by the state. I asked if the board was created by the state under the Florida Constitution expressly. The commission, the commission. But the board in itself, and we... Who created the board? I believe the commission is discussed in the Florida statute. So both the board and the county were created by the state? Well, the county was created by the state. I'm actually... Well, I'm asking you. You should know the answer to this because you keep talking about the board earlier. Let me read the Florida Constitution to you just in case you don't have it handy. The governing body of the county shall be a board of county commissioners. Right. Is that what this is? But that does not speak to the regulating arm of the Bay County government. No, no, no. Wait, time out. That's an activity that these people, the governing body of the county, shall be a board of county commissioners. That is simply an activity that those people perform. But whether or not they are the governing body of a county, shall be a board of commissioners, it seems to me that's what they are, not what they do, right? Well, Your Honor, the joint appendix reflects the fact that the Bay County created or determined that the Bay County board would serve a regulatory function. And that's at JA 20598-99. No, no, no. That's just the county deciding which activity to give the board, which is expressly created under the Florida State Constitution. Well, that's true, Your Honor, because that is expressly saying which activities we're going to delegate to or allow the board to perform, right? But the Deforest Regulation asks us to look at the regulator. No, but it actually, it doesn't. It asks us to figure out who created the regulatory body. Your Honor, the regulatory body was created by the state of Florida, because the body, whether the body is the board or the body is the county, each of those two things were created by the state of Florida. No, Your Honor. I beg to differ. With all due respect, non-independent body means a body that regulates utility. That body under this record is the Bay County, is the board as a regulator. And that board as a regulator, based on this record, was created by Bay County. And again, JA 20598- No, no, no. What board are you talking about? I'm looking, again, Your Honor, at the definition of non-independent regulatory body. I see that. I mean, there's a lot of this talk back and forth about who created what. And you have said that the county and the county board were created by the state, right? That's reflected in the Florida statute. That's clear, right? Now, the only thing that was created in the record that I can see that was created not by the state, but that was created by the county or by the county board, was the Bay County Utility Regulatory Authority. And that's cited on page four of your brief, and there's no more citation to it throughout the entire case. You have never argued that the Bay County Utility Regulatory Authority is the centerpiece in this case, and that it is a non-independent body. No, Your Honor. I mean, the Bay County Utility Regulatory Authority, in 2004, that was organized by Bay County. I'd just like to take Your Honor to the record. All of this regulation has been going on since 1966, right? No, actually, it was... On the water, one of the two was forever. Well, the deforest was promulgated in the 90s. The deforest provisions were promulgated... I understand that, but I mean, the base, for how long it's been down there, it's been buying its water power for a long, long time. All of the contracts have been, yes, long-standing over decades. But, Your Honor, what JA 2059-8-99 reflects is the regulatory authority determining that the Bay County Board would be the rate setter. So it determined in this certificate that the regulatory function of the board would be that the Bay County Board of County Commissioners, one set of five individuals, would be the same individuals that would be the rate setters in the county. That, Your Honor, is not a relationship that is... For purposes of running the second definition for a non-independent body, you need to know who creates whom, right? Yes, Your Honor. And we... Our argument is the rational construction of this definition is the body should be construed as the regulator. It can't be... The regulator is not Bay County as an amorphous entity. It is these five individuals... Yeah, but when you read the definition technically, which is the way the definition was read by the lower court, they said when you're looking at who creates whom, like, you know, in Genesis, they said that the situation here is that the state created the body that does the regulating. But that definition doesn't make any sense, Your Honor. I mean, these provisions... You say it doesn't make any sense, but what I'm saying to you is a regulation that says black means white doesn't make any sense either. Your Honor, but that's not what we're... That's not the theory we're espousing here. I mean, the non-independent regulatory body definition, I mean, clearly provides an example of an unregulated entity that is equivalent to Bay County Utilities. And a plain reading definition gets you there. Also what gets you there is the Air Force... If EG means in all cases and nothing else can be included. Well, based on a plain... EG doesn't mean that it is equal to. Well, under a plain meaning, EG means an example. It's perceptible as an example. It is an example. And this example is equivalent... But the lower court here said this, you've got an odd animal in Bay County. Well, the lower court didn't even look at this clause. It didn't even help us understand what this clause means. It just rendered it superfluous. Which, under this court's decision, isn't the proper way to ensure a definition. By saying you look to see who created the regulator of Bay County. Bay County created the regulator in, again, JA 20598 through 99 shows that Bay County determined that the five members of the county commission would sit in a regulatory capacity. I mean, this... And to determine whether that regulating entity has a independent oversight position. So, if one... An independent regulatory body has independent oversight, such as a statewide entity like the Florida Public Service Commission. It is independent because it has independent oversight. It's not a situation which obtains here where the county utilities are being... The rates for the county utilities... Don't get me wrong. I don't disagree with you that maybe the intent of the person who wrote the regulations was to say, basically, independent regulatory bodies are state PUCs. Period. Period. Every single state in the union has got a PUC, right? Florida has one. Yes, Your Honor. And they probably meant to say non-independent regulatory bodies means any other body that may be regulated, but not a state PUC. But that's not what they chose to say. Well, Your Honor... Because they recognized in the independent definition that you could have an entity that is less than statewide. So, a state government can say, well, there are a whole handful of regulators, right? Your Honor, but that clause, the agency clause... I mean, it is not... The agency clause cannot be read in isolation the way the trial court read it. It honed on one clause in the definition, didn't look at the plain meaning of the term independent or not independent. Well, it told us through its reference to state authority how it interpreted the non-independent regulatory body clause. That's the only explanation that I could see in the judge's opinion for why he was talking about when you looked at the relationship between the state and the other, which he complained about. Your Honor, and the only way it got there was by resorting improperly to Florida law. And that, I mean... No, improperly importing Florida law? Well, resorting to Florida law. That clause, the agency clause, does not by itself lead to the conclusion that the trial court... Well, if the regulation asks you whether or not you have an agency with less than statewide jurisdiction, right? The only possible source of law to tell you whether an agency does or does not have statewide jurisdiction is state law. No, Your Honor. So I don't... Your argument that you can't look at state law at all for deciding this case, to me, is wrong. Your Honor, the whole point of the DFARS and... Well, I mean, of the FAR and the DFARS was to create uniform procedures governing procurement, federal procurement. What I was trying to say earlier is the government didn't put its best regulation writer on the task here. And this problem can be solved very, very simply by simply rewriting this regulation. Very simple. Take your... It took me, what, 32 seconds to say it? Independent means independent, means state PUCs, or something that is a state PUC for us is non-independent. Your Honor, I understood your argument. It led to this particular problem. You can't fault the judge for his reading of the regulation on independent, because when we finally got you to answer the question, you agreed. I did. At Bay County. Yeah, I heard you didn't disagree that the Bay County is an agency with less than statewide jurisdiction that operates pursuant to state authority, and it has the power to fix, establish, or control the rates for utility supplies. Your Honor, but that provision has to be read with the non-independent regulatory body provision. And then I say, then when I read it with the non-independent, and I recognize that Bay County and the board were created by the state, the regulation doesn't fit them. The non-independent simply, the SHU simply doesn't fit. And what you say is, well, it's a SHU meant to fit them. Everybody knows the SHU meant to fit them. But Your Honor, the key clause. And that's what Judge Miller said when she had the case, the easiest case I ever saw, she said. Government wins. But when you bear your eyes down on the language of the regulation, you have a problem, in my case. Well, Your Honor, I submit that the key clause here is the EG clause, and that it gives us a paradigmic example. And it would work in the example where your equation, your black equals white, doesn't work the other way. Your Honor, also instructive is the policy contained in the DFAR. It's just a few provisions away. The DFAR is- Are you invoking the Supreme Court's recent decision in the Affordable Care Act? Is this one of those exceptional cases when we walk away from Chevron? No, Your Honor. I mean, but the DFAR's provision, it's just- Is this a garden-variety Chevron case? The regulation means what it means. Unfortunately, it doesn't mean what the government meant it to mean. I don't have the authority to get in the mind of the regulation writers. But the DFAR- My job is to call the balls and strikes here. But there is, within the DFAR, an explication of why an independent regulatory body gets the presumption of fair and reasonable rates. And the reason is because it has independent oversight. And that policy is set forth in the DFAR, that's section 241.201. It's just a few provisions away from the definition. And that policy statement sets forth the policy that the Department of Defense, as a matter of comedy, affords independent regulatory bodies with the presumption of rate-setting that's fair and reasonable. And the reason why, Your Honor, is because those independent entities, like the Florida Public Service Commission, are independent of the utilities that they regulate, that they set rates for. In Bay County, we have no such scenario. Okay. I'm going to cut you off. I think we've heard your response. Yes, Your Honor. Let's hear from the other side. Mr. Beal? May I please report? Beal or Bell? It's actually Bell, Your Honor. I'm sorry. Maryland? It looks like Beal. I was... Are you a Maryland Bell? What now? Are you from the Maryland Bell family? I am not, but it helped me in law school because my professor thought I was. So that was good. My colleague, Eric Mead, I represent Bay County, Florida in this appeal, and I think the court has honed in on the issue here. The issue to us is fairly straightforward. Does Bay County qualify as an independent regulatory body as that term is defined in the DFARS? Not as the government wishes it was defined or using a plain meaning dictionary definition because, in fact, the DFARS has a very specific definition. And the Court of Federal Claims applied that definition very literally using the plain language of that regulation and found that Bay County was, in fact, under that regulation, an independent regulatory body and also not a non-independent regulatory body. So if you look at the plain language we talked about, and the court has been over that many times already today, there is no question and the government has never disputed that Bay County is an agency with less than statewide jurisdiction, and there is no question that Bay County operates pursuant to state authority when it fixes utility rates. Section 153.03 of the Florida statutes very specifically delegates that authority to counties in Florida to set and establish utility rates, and a county unquestionably is an agency of less than statewide jurisdiction under Florida law, but frankly we believe under the laws of every other state. So when you have an entity like Bay County that meets that definition and meets it squarely, that should end the debate. Then if you look at the definition of non-independent regulatory body, which is not a mirror image definition, one would expect it to be, but as Judge Cleverchure pointed out, it's not the most well-written regulation of all time, states that non-independent regulatory body is a body that regulates the supplier, which is owned or operated by the same entity that created the regulatory body. But if the Bay County regulatory authority is the relevant regulatory body in that section, then it fits perfectly, right? If that was the case, but in fact that's not the case, and there's a couple points I want to make about that. First, I think as Judge Cleverchure pointed out, the government has never argued below or now in their briefs that that was the regulatory body. They've still argued that it was the Board of County Commission. And that Bay County Board of County Commission did establish the Bay County regulatory authority by ordinance. But when you read that ordinance, that regulatory body only governs private utilities within the county. It specifically does not govern the county rates. In other words, it governs retail and wholesale. Can you point me to that? It's at 20569 in the ordinance? It's section 25-279 of the Bay County Ordinance. Oh, that's section... I got to get some water? Then I thought... There is a reference to this, Your Honor, at Joint Appendix 20578. 20578? Yeah. 20578 is where rates and charges... Where is that? Well, it's 20578, section 4A. And it restates what the regulation says. Utility. And where does this say it's only private utilities? It says, the utility, parentheses, other than one owned or operated by the county or by a municipality operating within its corporate limits, or by a municipality or cooperative operating within its franchise service territory, may only charge rates and charges that have been approved by the authority. So what this regulation says, and again, the ordinance itself is 25-279, that the regulatory authority only sets rates for people besides cities that operate within the county and the county itself. In essence, what the regulatory body does is establish, is review retail rates. So the regulatory body is going to regulate others, but not this particular utility. Exactly. The Bay County... So that's the reason why the government isn't arguing it, because it's out of the case. Exactly. The Bay County Board of County Commissioners is the regulatory body in this particular case. And as the court has pointed out, the Bay County Board of County Commissioners was in fact established by the state of Florida. We didn't touch upon it with the government, but one of the arguments they sent a chunk of their briefing on was the notion that they were entitled to deference. From where is the clearly established government position to which we should give deference? Well, that's a question that I was never able to fully answer myself from reviewing the case. There was a law review article. They also cited a couple of other things. Wait a minute. It couldn't possibly be a law review article. I... A law review article written by somebody and published in a law review is... That's what you're not saying by the government. ...is the location of the clearly established government position on this interpretation? I agree, and I guess I'd have to defer to the government to come up with the answer to that question, because... I'm just wondering what I was missing. I don't think you're missing anything there, Your Honor, because again, they've got to show that the Secretary has adopted this position, and their position in the brief is essentially trust as the Secretary agrees, which is a fine litigation position, but that goes back to the issue of having not raised this below. The Court of Federal Claims, had it been raised below, could have asked that question, could have asked for even evidence on the issue to find out whether there is a clearly established government... Air Force position on this. Because we do, don't we, give deference to litigation positions? I mean, it's a much lesser form of deference, but even if the government is only first confronted with it in the course of litigation, if they articulate a position, it's still entitled to some deference. There have been cases on both sides of that issue, but I recognize there are certainly cases where that has occurred, but that is only when it's the Secretary's position, but more important in this case, it only applies when the regulation is ambiguous, and Christensen, the U.S. Supreme Court, held very clearly, if it's not ambiguous, you don't even look at the deference issue, and I think that that's what the Court of Federal Claims here did, as they said, this is, poorly drafted or not, this regulation is not ambiguous, and the facts fit squarely within it. And the other argument we made in the brief, which I think is a valid one, I don't think the Court needs to reach it today, but can the Air Force, as one of the many entities that is involved in the DFARS process, have a definitive interpretation of the DFARS? Because it is not actually the agency that created the DFARS. The DFARS was created by a conglomeration of agencies, as the Court is aware, led by the DOD, but the problem with their position is, and it may not be the case here, but it could happen in other cases, and we cited an example, you could have a situation where the Army says that a regulation means one thing, and the Air Force says another, both interpreting the DFARS, how can you have, how can the Court give deference to agency interpretations of regulations that other agencies have the same control over? But I don't think you need to reach that issue, because as we pointed out, there's no definitive position other than their litigation position, and again, the regulation, even by their own admission, is not ambiguous. It's, again, maybe not well drafted, but it's simply not ambiguous. And I think the issue, we talked about the playmating of independent and why would the regulation be drafted this way, there actually is an explanation for why the regulation would be drafted this way, and that is because, essentially, DOD says, we're going to trust certain agencies, certain bodies, to do the right thing. We're going to trust the Federal Energy Regulatory Commission, we're going to trust them, we're going to trust statewide agencies like, as Judge Cleveridge pointed out, the Public Service Commission, and we're going to trust even lower agencies from the state if they're operating under state authority. And the way you can look at that is, if you look at the regulation 241.201, it says the reason they do that is as a matter of comedy. So, in a sense, what the regulations say is, we're going to just trust that the state and the state agencies operating under state authority are going to do the right thing. And one of the reasons they do that is what happens here. When Bay County, as a county commission, sets these rates and approves these rates, it does so in a public meeting, duly advertised, on the agenda, through all the requirements of Florida law, there are constitutional and statutory requirements that limit what it can do. We point out in this particular case that Bay County has to charge everybody what it charges the Air Force. It cannot discriminate against the Air Force. It has to charge the Air Force the same thing that it charges a city or a homeowner or whatever for wholesale rates. So, there are things that give protection to the government in this situation, and that's what the regulatory scheme says. So, going back to, I think, again, we have what the Court of Federal Claims found, a plain language situation here. As Judge Cleveridge pointed out, if the regulation says black equals white, then black equals white. And you can't try to say, well, that's not what it meant. Again, it may not have been the best drafted regulation in the world, but it says what it says. And the government, frankly, doesn't really contend that the regulation doesn't cover Bay County. They just say it shouldn't cover Bay County in this particular situation. So, for those reasons, we believe the Court of Federal Claims' opinion is correct and should be affirmed. Okay. Thank you. Thank you. Thank you. We'll restore two minutes, everybody. Thank you, Your Honor. I'm starting with Mr. Beal. Ms. Lawrence, can I just ask, is this a test case? I mean, are there many other, quote, municipalities out there that are structured the way this one is? Your Honor, I can't, I would imagine there are many. Is privatization still going on? Is that, I mean, these regulations were born out of the privatization program? I believe so, because they were drafted in the 1990s. But, Your Honor, just getting back to one of Mr. Beal's comments related to comedy, or the mention of comedy in the policy provision of the DFARS, again, that's 241.201. Comedy is a notion that's usually extended to a state entity by a federal entity. It's not something, it's not a notion, a doctrine that's extended to a local government here, such as Bay County here. Your Honor, also, back to... As good as it is, comedy, and what you've said earlier in your argument, is that where you have a statewide PUC, the federal government has said, well, as a matter of yield, we'll accept those rates. And the reason is because there's a presumption that a statewide entity, which is independent of a utility, will arrive... What his argument was is that there's a junior varsity form of comedy, because it's possible that a local entity, such as Bay County, has enough checks and balances on it, in its price setting mechanism, that it looks like a PUC. That's not correct, Your Honor. The policy provision... I'm not going to rely on that, because it's extra record, but it certainly is possible that you have enough checks and balances in your rate setting. There isn't any checks and balances in this rate setting. When you look at the structure of Bay County, the organizational chart is reflected in the record at 20503. The five members of the board... If the members of the county set a rate for water, it drives all of the local businesses out of business. Don't you think the local businesses are going to complain to the politicians? Your Honor, the regulation is drafted to get at the relationship between the regulator, whether it is connected in some way with utility being regulated. Here, we have a textbook example of a local government that regulates an entity, which it ultimately benefits from. The local government of Bay County benefits from the rates that it determines for its utilities. That is not what is... Is it true that the government argues that deference should be given to the government's established interpretation in this case? That's an alternative argument we made in our brief, Your Honor. Where is the government's interpretation articulated, apart from arguments in litigation, which do get deference in some scenarios? Is this just a litigation position scenario, or do you believe the government has an established position somewhere else that I could look to that would justify deference? Your Honor, we... I mean, there's been some, I guess, a slight mockery of the Air Force article that we relied upon. But that article was relied upon to show the history of the... Well, I don't know who mocked it. It wasn't me, certainly. But clearly, the government's interpretation of a regulation or a statute can't be defined by a private citizen. I mean, he happens to be an Air Force officer, but he didn't write it in his capacity as a representative of the US government. No, Your Honor. This is not like the Secretary of Commerce giving a speech. This is written in his private capacity as an individual. He wrote a law review article that was published. But it does reflect the interrelationship... Wait, wait, wait. It reflects his view... Yes, Your Honor. ...as to what he believes the government's position is on these things. But the history that it provides and it sets forth is... But you do recognize how troubling it would be if we, as a court, were to allow such private individuals to establish a government position and then say that the government ought to be bound by that position... No, no, no. ...and that interpretation should be given deference solely by virtue of a private citizen's articulation of it and claim that it's attributed to the government. Your Honor, it was provided to the court and cited in our briefing to show the history of this debate. This is not the first time a local government has said, we are independent, even though we run utilities, we own our utilities, and we set the rates for them. It's not... This is not a novel argument. And the article helps us understand the history of this debate between the federal government and local entities like Bay County. That is the only reason we relied upon it because, again, our doctrine asks if the government or the litigation position has been consistent over time. And it has been consistent. I mean, this article looks at a relationship between the federal government and local government entities going back decades in terms of what the status issue boils down to. The state's position, I don't believe it cites cases in which this position has been taken, right? This is the first case. Tacoma versus... The city of Tacoma case, which we cited in our brief, reflects a discussion of an earlier version of these provisions from the early 1990s. So that would have been the first case where the court looked at the relationship between a local government entity and its regulating body. Okay. I'm going to bring this to a close. Thank you, Your Honor. Your time is up. Thank both counsel and the case has been submitted.